**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MOHIT MOHIT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-876-G** |
| | ) | |
| **WARDEN, Cimarron Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

Petitioner Mohit Mohit filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review. Certain Respondents filed an Answer (Doc. No. 8).[1]

On June 16, 2026, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 9), recommending that the Petition be granted and Petitioner be released from custody. Respondents filed an Objection (Doc. No. 11) to the R. & R.

Pursuant to controlling authority, the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may

---

[1] The appearing Respondents are: United States Attorney General Todd Blanche; Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS"); David Venturella, Acting Director of ICE; Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal; and Daren Margolin, Director of the Executive Office for Immigration Review.

accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

*I. Background*

Petitioner is a citizen of India who entered the United States on or about March 19, 2023. R. & R. at 3. Following his entry, DHS issued a Notice to Appear charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) through the issuance of a Notice to Appear. *Id.*; Doc. No. 1-3, at 2-4.

In May 2023, Petitioner filed an application for asylum and withholding of removal. R. & R. at 3. On February 26, 2026, Oklahoma Highway Patrol detained Petitioner during a routine traffic stop and transferred him to ICE custody. *Id.*

Petitioner sought a custody redetermination, but the Immigration Judge denied Petitioner's request pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, under 8 U.S.C. § 1225(b)(2)(A), noncitizens who entered the country without admission or parole are ineligible for a bond hearing. R. & R. at 4; Doc. No. 1-3, at 12-13.[2]

Petitioner remains housed at Cimarron Correctional Facility in Cushing, Oklahoma. *See* Pet. at 1, 3-4.

---

[2] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

*II. Discussion*

Petitioner alleges that he "has never received any individualized determination regarding whether his continued detention is justified." *Id.* at 5. Petitioner presents several claims for relief, including a claim that Respondents' reliance on 8 U.S.C. § 1225(b) to justify his mandatory detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq. *See* Pet. at 8-9.

After conducting a thorough inquiry, Judge Mitchell concluded in relevant part that 8 U.S.C. § 1226(a), rather than § 1225(b)(2), governs Petitioner's detention. *See* R. & R. at 5-6. Accordingly, the R. & R. determined that Petitioner is entitled to relief due to violation of the INA. *See id.* at 6-7.[3]

Invoking multiple statutory interpretation arguments that have been previously detailed by this Court and others, Respondents object that "Petitioner is properly detained under § 1225(b)(2)(A)." Resp'ts' Obj. at 1-2.

Following the issuance of the R. & R. and the submission of Respondents' Objection, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States.

[3] "Generally, 8 U.S.C. § 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026) (internal quotation marks omitted). "In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).")).

*Santillan Quiroz*, 180 F.4th at 1239. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Upon de novo review, the undersigned concludes that Respondents' objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. at 4; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; Pet. at 5. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable to Petitioner. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018); 8 U.S.C. § 1226(a)(2).[4]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 9) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

---

[4] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's remaining claims or the remainder of the R. & R. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's Motions (Doc. Nos. 2, 12) are DENIED as moot.

4. Petitioner's remaining claims for relief are DISMISSED without prejudice.

5. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 19th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge